# EXHIBIT E

Dave Higgins
May 24, 2017

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SHERWIN T. WRIGHT            )
    Plaintiff,                )
                             )
vs.                          )   Civil Action NO. 4:15-cv-02363
                             )
CHEVRON PHILLIPS CHEMICAL    )
COMPANY, LP                  )
    Defendant                )

ORAL DEPOSITION

DAVE HIGGINS

MAY 24, 2017

ORAL DEPOSITION OF DAVE HIGGINS, produced as a witness at the instance of the Plaintiff and duly sworn, was taken in the above-styled and numbered cause on the 24th day of May, 2017, from 10:10 a.m. to 1:20 p.m., before Melinda Barre, Certified Shorthand Reporter in and for the State of Texas, reported by computerized stenotype machine at the offices of Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, Harris County, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

Stratos Legal Services
800-971-1127

Dave Higgins
May 24, 2017

Page 2

1               APPEARANCES

2  FOR PLAINTIFF:

3      Mr. Marrick Armstrong
       Ms. Ghazal Vahora
4      SMITH REED & ARMSTRONG PLLC
       2016 Main Street, Suite 111
5      Houston, Texas 77002

6      Telephone: 281.489.3934
       E-mail: marrick@srapllc.com
7
   FOR DEFENDANT:
8
       Ms. Marlene C. Williams
9      JACKSON WALKER LLP
       1401 McKinney, Suite 1900
10     Houston, Texas 77010

11     Telephone: 713.752.4571
       E-mail: mcwillaims@jw.com
12

13                  -and-

14     Ms. Karen R. Monroe
       Senior Counsel, Chevron Phillips Chemical Company
15     10001 Six Pines Drive
       P.O. Box 4910
16     The Woodlands, Texas 77387-4910

17     Telephone: 832.813.4252
       E-mail: monrokr@cpchem.com
18
   FOR IBEW:
19
       Mr. Patrick M. Flynn
20     ATTORNEY AT LAW
       1225 North Loop West, Suite 1000
21     Houston, Texas 77008

22     Telephone: 713.861.6163
       E-mail: pat@pmfpc.com
23

24

25  ALSO PRESENT:  Lisa Laurin

Stratos Legal Services
800-971-1127

Dave Higgins
May 24, 2017

Page 3

## INDEX

| | PAGE |
|---|---|
| Examination by Ms. Vahora | 4 |
| Examination by Ms. Williams | 60 |
| Re-Examination by Ms. Vahora | 99 |
| Signature Page | 103 |
| Court Reporter's Certificate | 105 |

## EXHIBITS

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 1 | Isolation List #42 | 23 |
| Exhibit 2 | 10-30-14 Final Written Warning and Two Week Suspension | 36 |
| Exhibit 3 | 11-18-14 Last Chance Letter Signed by Tyrell Wright and Andy Woods | 48 |
| Exhibit 4 | 12-2-14 Grievance Form and Record of Proceedings | 56 |
| Exhibit 5 | PowerPoint Entitled Total Absence Management | 80 |
| Exhibit 6 | Working Rules & Discipline Policy, Pasadena Plastics Complex | 84 |

Dave Higgins
May 24, 2017

Page 4

1             DAVE HIGGINS,
2  having been first duly sworn, testified as follows:
3                 EXAMINATION
4  QUESTIONS BY MS. VAHORA:
5      Q.   Can you state your name for the deposition,
6  please.
7      A.   Jon David Higgins.
8      Q.   Mr. Higgins, my name is Ghazal Vahora; and I
9  represent the plaintiff, Sherwin Tyrell Wright.  Have
10 you been deposed before?
11     A.   No.
12     Q.   So I'm just going to go over a couple ground
13 rules that your attorney may have already gone over with
14 you but I'll just reiterate.
15          Because we have a court reporter here and
16 she's going to be taking down everything that you say,
17 it's really important for you to give me verbal answers.
18 So try not to nod your head or say "uh-huh" or, you
19 know, any kind of nonverbal answers.  Okay?
20     A.   I understand.
21     Q.   Okay.  If you do need to take a break, just let
22 me know; and then we can take a break.  The only
23 stipulation is that I ask for you to answer my line of
24 questioning and then we can go ahead and break.
25          Then the last thing is if you don't

Dave Higgins
May 24, 2017

Page 71

1  attention to everything that was in the highlighted.
2      Q.   Okay.  You recall confirming that?
3      A.   Yes.
4      Q.   Just so we're clear for the record, the process
5  of actually disconnecting T leads, is that separate and
6  distinct from turning a breaker off?
7      A.   Yes.
8      Q.   But it is still a part -- it could be a part of
9  an isolation process depending on the particular job,
10 correct?
11     A.   It is probably done 10 percent of the time.  It
12 is a small amount of time that the T leads are dropped.
13     Q.   And I didn't ask you to characterize the time.
14 I just was asking that could be a part of the isolation
15 process, to also disconnect T leads in some cases,
16 correct?
17     A.   No.
18     Q.   So disconnecting T leads is never a part of the
19 isolation process?
20     A.   It's a part of the isolation process.  It's not
21 part of the isolation list.
22     Q.   Okay. I think I asked process.  I wasn't
23 asking you about the list.  Let me make sure that I have
24 a clear question, and you can answer that.
25          Is it true that there are some times where

Dave Higgins
May 24, 2017

Page 72

1  disconnecting T leads is a part of an isolation process?
2  A.  Yes.  May I add under special circumstances to
3  that answer?
4  Q.  Duly noted.  Under special circumstances.
5  There are special circumstances where sometimes you have
6  to disconnect T leads as a part of the isolation
7  process, correct?
8  A.  Yes.
9  Q.  And your testimony is that Mr. Wright did not
10 violate the lockout/tagout process because he did turn
11 the breaker off?
12 A.  He turned the breaker off.  That was the
13 beginning of the process.
14 Q.  If he was supposed to disconnect the T leads
15 and he did not disconnect the T leads, would that be a
16 violation of a lockout/tagout process?
17 A.  Yes.  If he was supposed to.
18 Q.  Okay.
19 A.  If that's what he was called to do.
20 Q.  I want to talk about the -- I guess it's
21 Exhibit 4.
22 A.  Can I ask a question?
23 Q.  No, you can't.
24 A.  Okay.
25 Q.  You prepared the grievance that's reflected

1  us to follow the grievance proceedings or procedure.
2  And the truth is if Tyrell absolutely violated a working
3  procedure, we wouldn't have a grievance. But because we
4  believed we had a reason for grievance, that's why it
5  was written.
6      Q.   Okay. Now, the last sentence of the grievance,
7  it says, "Take Tyrell off the excessive disciplinary
8  action that was applied to him."
9           Why did you think that the discipline that
10 was applied to him was excessive?
11     A.   Because I've never witnessed that before in my
12 life or my time out there at Chevron Phillips.
13     Q.   Okay. Do you know who replaced Mr. Wright
14 after he was terminated?
15     A.   No one.
16     Q.   So has --
17     A.   He has not been replaced.
18     Q.   So Chevron has not hired any additional
19 electricians after he was terminated?
20     A.   No.
21     Q.   Okay.
22     A.   I believe we were at 14 electricians at the
23 time Tyrell was terminated. We're down to 11.
24     Q.   Okay.
25     A.   Two of them retired.

1  decommissioning equipment?
2      A.   If you're demoing. But usually demoing, if
3  you're the person doing the demo, you start where the
4  demo needs to start at and you go work out to the motor,
5  you know.
6             Dropping T leads is like a demo. I stated
7  prior to that to do that that requires tools; it
8  requires a work order; it requires a permit; and it
9  requires work direction given to you by your supervisor.
10     Q.   Does it require any electrician to ask
11 questions if they're confused about the process?
12     A.   Well, anytime you're confused you should ask
13 questions.
14     Q.   Okay. And back to my question, is there a
15 safety component or aspect to disconnecting or dropping
16 the T leads when you're decommissioning equipment? Is
17 it purely functional, or is there some safety aspect to
18 it?
19     A.   The safety aspect is guaranteeing you that
20 there can't be an accidental energization of that
21 equipment.
22     Q.   Okay.
23     A.   But with the equipment just sitting there, it's
24 not just going to accidentally energize. It's going to
25 take people making some very big mistakes to do that.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SHERWIN T. WRIGHT )
    Plaintiff, )
  )
vs. ) Civil Action NO. 4:15-cv-02363
  )
CHEVRON PHILLIPS CHEMICAL )
COMPANY, LP )
    Defendant )

REPORTER'S CERTIFICATE

ORAL DEPOSITION OF DAVE HIGGINS

May 24, 2017

    I, Melinda Barre, Certified Shorthand Reporter in and for the State of Texas, hereby certify to the following:

    That the witness, DAVE HIGGINS, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

    That the original deposition was delivered to Ghazal Vahora.

    That a copy of this certificate was served on all parties and/or the witness shown herein on _____.

    I further certify that pursuant to FRCP Rule 30(f)(1), that the signature of the deponent:

Dave Higgins
May 24, 2017

Page 106

1   ____ was requested by the deponent or a party before
2   the completion of the deposition and that the signature is
3   to be before any notary public and returned within 30 days
4   from date of receipt of the transcript.  If returned,
5   the attached Changes and Signature Page contains any
6   changes and the reasons therefor:
7        ____was not requested by the deponent or a
8   party before the completion of the deposition.
9        I further certify that I am neither counsel for,
10  related to, nor employed by any of the parties or
11  attorneys in the action in which this proceeding was
12  taken, and further that I am not financially or
13  otherwise interested in the outcome of the action.
14       Certified to by me on this, the _____ day
15  of _____, 2018.
16
17
18
19           /s/ Melinda Barre
20           Melinda Barre
             Texas CSR 2192
21           Expiration:  12/31/18
22
23
24
25

Stratos Legal Services
800-971-1127

```
 1   COUNTY OF HARRIS      )
 2   STATE OF TEXAS        )
 3       I hereby certify that the witness was notified on
 4   _____ that the witness has 30 days or (____
 5   days per agreement of counsel) after being notified by
 6   the officer that the transcript is available for review
 7   by the witness and if there are changes in the form or
 8   substance to be made, then the witness shall sign a
 9   statement reciting such changes and the reasons given by
10   the witness for making them;
11       That the witness' signature was/was not returned as
12   of _____.
13       Subscribed and sworn to on this, the ____ day of
14   _____, 2018.
```

*Melinda Barre* (signature)

Melinda Barre
Texas CSR 2192
Expiration: 12/31/18