# EXHIBIT F

Lisa Laurin
May 24, 2017

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SHERWIN T. WRIGHT                )
    Plaintiff,                   )
                                 )
vs.                              )   Civil Action NO. 4:15-cv-02363
                                 )
CHEVRON PHILLIPS CHEMICAL        )
COMPANY, LP                      )
    Defendant                    )

ORAL DEPOSITION

LISA LAURIN

MAY 24, 2017

ORAL DEPOSITION OF LISA LAURIN, produced as a witness at the instance of the Plaintiff and duly sworn, was taken in the above-styled and numbered cause on the 24th day of May, 2017, from 2:20 p.m. to 4:20 p.m., before Melinda Barre, Certified Shorthand Reporter in and for the State of Texas, reported by computerized stenotype machine at the offices of Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, Harris County, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

Stratos Legal Services
800-971-1127

1                    APPEARANCES

2  FOR PLAINTIFF:

3      Mr. Marrick Armstrong
       Ms. Ghazal Vahora
4      SMITH REED & ARMSTRONG PLLC
       2016 Main Street, Suite 111
5      Houston, Texas 77002

6      Telephone: 281.489.3934
       E-mail: marrick@srapllc.com
7

8  FOR DEFENDANT:

9      Ms. Marlene C. Williams
       JACKSON WALKER LLP
10     1401 McKinney, Suite 1900
       Houston, Texas 77010
11
       Telephone: 713.752.4571
12     E-mail: mcwilliams@jw.com

13                     -and-

14     Ms. Karen R. Monroe
       Senior Counsel, Chevron Phillips Chemical Company
15     10001 Six Pines Drive
       P.O. Box 4910
16     The Woodlands, Texas 77387-4910

17     Telephone: 832.813.4252
       E-mail: monrokr@cpchem.com
18

19

20

21

22

23

24

25

Lisa Laurin
May 24, 2017

Page 3

1

2                    INDEX

3                                                PAGE

4  Examination by Mr. Armstrong ......................4
   Signature Page ...................................73
5  Court Reporter's Certificate .....................75

6

7                   EXHIBITS

8  EXHIBIT          DESCRIPTION                   PAGE

9

10 Exhibit 1     10-30-14 Letter to Tyrell          25
                 Wright from Andy Woods
11
   Exhibit 2     10-27-14 Email from Tyrell         44
12               Wright to Pete Cella

13 Exhibit 3     10-28-14 Email from Pete Cella     45
                 to Tyrell Wright
14
   Exhibit 4     11-18-14 Last Chance Letter        49
15               Signed by Tyrell Wright and
                 Andy Woods
16
   Exhibit 5     Working Rules & Discipline         55
17               Policy

18 Exhibit 6     PowerPoint Entitled Total          61
                 Absence Management
19

20

21

22

23

24

25

Stratos Legal Services
800-971-1127

Lisa Laurin
May 24, 2017

Page 4

1           LISA LAURIN,
2  having been first duly sworn, testified as follows:
3                    EXAMINATION
4  QUESTIONS BY MR. ARMSTRONG:
5      Q.   Good afternoon, ma'am.  Can you state your name
6  for the record, please.
7      A.   Lisa Laurin, L-a-u-r-i-n.
8      Q.   Okay.  And, Ms. Laurin, I know that you have
9  testified in an arbitration related to the events that
10 we are here about today.  Is that correct?
11     A.   Yes.
12     Q.   And you've sat in on now two depositions.  So
13 you know how it's going to go today.  There's no use in
14 reiterating deposition conduct other than to say
15 whenever you're ready to take a break, let me know.  If
16 you don't understand a question I ask you, let me know;
17 and I'll rephrase it for you.  Okay?
18     A.   Okay.
19     Q.   You're currently employed at Chevron Phillips
20 Chemical Company.  Did I say that right?
21     A.   Yes.
22     Q.   And your title is what?
23     A.   HR manager.
24     Q.   You've been there for how long?
25     A.   Four years.

1  T leads, did he say that that left the piece of
2  equipment energized?
3      A.   No.
4      Q.   Did y'all have any conversation about whether
5  or not the specific failure that Mr. Wright was
6  perceived to have made caused any actual harm to
7  anybody?
8      A.   No.
9      Q.   And so is it fair to categorize it as he came
10 and explained what was not done, but he didn't
11 necessarily explain what the fallout or result of it not
12 being done was?
13     A.   That's fair.
14     Q.   And then after that initial conversation did
15 you conduct an investigation as to whether or not
16 Mr. Wright actually failed to not disconnect the
17 T leads?
18     A.   No.
19     Q.   You didn't do that investigation?
20     A.   No, I didn't.
21     Q.   Did anybody else do that investigation?
22     A.   Yes.
23     Q.   Who did the investigation?
24     A.   Virginia Hubbard, Adam Sainato and Keith
25 Bravenec.

Lisa Laurin
May 24, 2017

Page 14

1  separate functions of investigation?
2      A.   A team.
3      Q.   Can you explain for us everything that they did
4  to investigate the incident.
5      A.   I don't know every single thing that they did.
6  I know high level, that they talked to Tyrell.  They
7  talked to Billy Donnell.  After that point they came
8  back to me.
9      Q.   Okay.  Did they prepare any written reports to
10 you?
11     A.   Yes.
12     Q.   Okay.  And the contents of that written report
13 said what based on your recollection?
14     A.   That Tyrell was supposed to remove the T leads
15 as part of this isolation, and he signed off on the
16 paperwork that he had done the work when he had not.
17     Q.   What form was that written report in?  Was it
18 an e-mail, or was it an actual formal report?
19     A.   Honestly, I don't remember.
20     Q.   When a written report like that is generated in
21 these circumstances, is that something that is
22 maintained in the employee's personnel file?
23     A.   No.
24     Q.   Why not?
25     A.   It's a separate file.

1 at any time after he told you about that conversation?
2     A.   No.
3     Q.   Other than yourself, who else did Mr. Pyner
4 talk to after having this conversation with Mr. Cella
5 about Mr. Wright's suspension?
6           MS. WILLIAMS: Objection, calls for
7 speculation.
8     A.   I don't know.
9     Q.   (By Mr. Armstrong) Do you know or have you
10 ever heard whether he talked with Keith Bravenec about
11 it?
12     A.   I don't know.
13     Q.   Do you know whether Keith Bravenec knows about
14 this conversation between Pete Cella and Joe Pyner?
15     A.   Can you ask me the question again.
16     Q.   Do you know if Mr. Bravenec even knows about
17 this conversation that happened between Mr. Pyner and
18 Mr. Cella?
19     A.   I don't know.
20     Q.   Personally did you have any feelings about
21 Mr. Wright going all the way to the top and talking to
22 Mr. Cella?
23     A.   No.
24     Q.   No feelings whatsoever about that?
25     A.   No. No feelings.

1   Q.   Was that something that you thought overstepped
2   your authority?
3   A.   Not at all.
4   Q.   And so is it something that occurs frequently,
5   to have employees take their suspensions up to the CEO?
6   A.   No.
7   Q.   Prior to Mr. Wright doing this, had anybody
8   else during your tenure taken a concern about an
9   employment issue directly up to Mr. Cella?
10  A.   No.
11  Q.   Do you know whether anybody after Mr. Wright
12  has taken an employment concern directly to Mr. Cella?
13  A.   No, they have not.
14  Q.   Let me show you what we'll mark as Exhibit 4.
15           (Exhibit 4 marked)
16  Q.   (By Mr. Armstrong)  Have you ever seen this
17  letter before?
18  A.   Yes.
19  Q.   And this is a letter, again, from Mr. Woods,
20  maintenance manager.  And it's to Mr. Wright, and it's
21  dated November 18, 2014.  It's a last chance letter.
22           And it starts out, it says, "On
23  October 30, 2014 you were returned to work and given a
24  final warning after two weeks suspension for a serious
25  safety violation."

Lisa Laurin
May 24, 2017

Page 75

```
 1        IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
 2                  HOUSTON DIVISION

 3   SHERWIN T. WRIGHT        )
         Plaintiff,           )
 4                            )
     vs.                      )  Civil Action NO. 4:15-cv-02363
 5                            )
     CHEVRON PHILLIPS CHEMICAL )
 6   COMPANY, LP              )
         Defendant            )
 7
```

 8              REPORTER'S CERTIFICATE

 9         ORAL DEPOSITION OF LISA LAURIN

10                  May 24, 2017

11

12    I, Melinda Barre, Certified Shorthand Reporter in

13 and for the State of Texas, hereby certify to the

14 following:

15    That the witness, LISA LAURIN, was duly sworn by the

16 officer and that the transcript of the oral deposition

17 is a true record of the testimony given by the witness;

18    That the original deposition was delivered to

19 Marrick Armstrong.

20    That a copy of this certificate was served on all

21 parties and/or the witness shown herein

22 on _____.

23    I further certify that pursuant to FRCP Rule

24 30(f)(1), that the signature of the deponent:

25    ____ was requested by the deponent or a party before

Stratos Legal Services
800-971-1127

1  the completion of the deposition and that the signature is
2  to be before any notary public and returned within 30 days
3  from date of receipt of the transcript.  If returned,
4  the attached Changes and Signature Page contains any
5  changes and the reasons therefor:
6  ____was not requested by the deponent or a
7  party before the completion of the deposition.
8      I further certify that I am neither counsel for,
9  related to, nor employed by any of the parties or
10 attorneys in the action in which this proceeding was
11 taken, and further that I am not financially or
12 otherwise interested in the outcome of the action.
13     Certified to by me on this, the _____ day
14 of _____, 2018.
15
16
17
18                    _____
19                    Melinda Barre
                      Texas CSR 2192
20                    Expiration:  12/31/18
21
22
23
24
25

Lisa Laurin
May 24, 2017

Page 77

COUNTY OF HARRIS )

STATE OF TEXAS )

    I hereby certify that the witness was notified on _____ that the witness has 30 days or (\_\_\_\_ days per agreement of counsel) after being notified by the officer that the transcript is available for review by the witness and if there are changes in the form or substance to be made, then the witness shall sign a statement reciting such changes and the reasons given by the witness for making them;

    That the witness' signature was/was not returned as of _____.

    Subscribed and sworn to on this, the \_\_\_\_\_ day of _____, 2018.

*Melinda Barre*
Melinda Barre
Texas CSR 2192
Expiration: 12/31/18